HUBERT SATTERFIELD ET AL. V. PEARL STEWART ET AL.

(Filed 5 January, 1938.)

1. **Wills § 33c—Devise held to vest remainder in testator's daughters at the time of the death of the testator.**

    Testator devised the property in question to his wife and three daughters, the land to remain undivided during the wife's life, and if at the wife's death any of the daughters should be unmarried, the land to remain undivided as their home as long as they remained single, with further provision that upon the marriage or death of the three daughters, then the place should be sold and the proceeds divided equally among them, their heirs and assigns. *Held:* The remainders to each of the daughters vested upon the death of the testator, and were not contingent upon their surviving until the marriage or death of their sisters, and upon the death of testator's wife, their right of possession became absolute, subject to the right of unmarried daughters to have the land remain undivided, and the provision for the sale of the land upon the death of testator's wife and the marriage or death of all three daughters, cannot be held to delay the vesting of the remainders in the daughters.

2. **Same—**

    The law favors the early vesting of title, and in the absence of a clear purpose to the contrary, title vests at the death of the testator.

3. **Wills § 35—**

    The right of a devisee in common to have the land remain undivided so long as she should remain single, is a personal right which she may waive or surrender.

4. **Wills § 46—Vested remaindermen may exchange quitclaim deeds among themselves so as to hold their respective interests in severalty.**

    Where devisees take a vested remainder in common, subject only to the right of one devisee to have the land remain undivided so long as she remained single, the remaindermen may exchange quitclaim deeds among themselves so that they may hold their respective interests in severalty, and the personal right of the devisee to have the land remain undivided is surrendered by executing the quitclaim deeds.

APPEAL by plaintiffs from *Bone, J.,* at October Term, 1937, of ORANGE. Affirmed.

*Graham & Eskridge for plaintiffs, appellants.*
*Bonner D. Sawyer and Brooks, McLendon & Holderness for defendants, appellees.*

SCHENCK, J. This was an action heard upon an agreed statement of facts, wherein the plaintiffs seek an injunction against the defendants committing waste upon a certain tract of land.

The defendant Pearl Stewart claims title to the lands in controversy by virtue of a deed to her from Ara McDade Satterfield and her husband, J. D. Satterfield. Ara McDade Satterfield claimed title to said land by virtue of quitclaim deeds from her sisters, Corinna McDade and Ida McDade Chandler and her husband, S. T. Chandler, and the will of her late father, A. J. McDade.

The will of A. J. McDade contains the following:

"Item 2. I give and devise to my wife, Cornelia McDade, and daughters, Corinna McDade, Ara McDade and Ida McDade, all of the tract of land whereon I now live (after the lot in Item 1 is cut off to Fletcher McDade.) This tract contains about 240 acres, including the Burch place, the same to remain undivided during the term of the natural life of my wife, Cornelia, and if at her death anyone of my daughters, Corinna McDade, Ara McDade and Ida McDade, should be unmarried, then said place shall still remain undivided as their home as long as they remain single. But after the death of my wife Cornelia McDade, and the marriage or death of my daughters, Corinna McDade, Ara McDade and Ida McDade, then said place shall be sold and divided equally among them, their heirs and assigns."

The land in controversy is a part of the land described in the foregoing item of the will of A. J. McDade. Cornelia McDade, widow of A. J. McDade, died prior to December, 1926. Corinna McDade has never married. Ida McDade married S. T. Chandler and Ara McDade married J. D. Satterfield. The plaintiffs are the children of Ara McDade Satterfield, who died in 1932.

In December, 1926, Corinna McDade (unmarried), Ara McDade Satterfield, and Ida McDade Chandler agreed to discontinue the use of the land referred to in Item 2 of their father's will as a home for themselves, or any of them, and to divide the same so that each of the sisters might enjoy the use of that part of the land allotted to them individually as their sole and separate property, and in accord with said agreement exchanged quitclaim deeds among themselves, conveying to each a one-third of the land, said deeds being joined in by the husbands of Ara and Ida, respectively.

In March, 1930, Ara McDade Satterfield and her husband, J. D. Satterfield, made a deed to Pearl Stewart for the one-third of the land quitclaimed to her by her sisters.

It is the contention of the plaintiffs that their mother, Ara McDade Satterfield, and her sisters took only contingent remainders in the land described in Item 2 of the will of A. J. McDade—the contingency being that they lived until all three of them were married—and were without power to divide the land among themselves, and the quitclaim deeds

exchanged among the sisters passed no title, and, therefore, the deed of their late mother, Ara McDade Satterfield, and her husband to Pearl Stewart was void; and that they, the plaintiffs, as children of their deceased mother, are contingent remaindermen under the will of A. J. McDade, and that their title would become vested should they live until the marriage or death of Corinna McDade.

It is the contention of the defendants that under Item 2 of the will of A. J. McDade his three daughters, Corinna, Ara, and Ida, took vested remainders, to be enjoyed after the life estate of their mother, the wife of the testator, and that upon the death of their mother their right of possession became absolute, subject to the right of Corinna, who has never married, to have the land remain undivided as a home so long as she remained single.

With the contention of the defendants we agree. The law favors an early vesting of title and, unless there is expressed a clear purpose to the contrary, the title vests at the death of the testator. *Witty v. Witty,* 184 N. C., 375.

Since the daughters of A. J. McDade, Corinna, Ara, and Ida, took vested remainders, they were empowered to convey valid titles among themselves, so they could hold their respective interests in severalty, and since Ara McDade Satterfield, by virtue of the quitclaim deeds exchanged by her and her sisters, held her interest in the land in severalty, her deed conveyed to Pearl Stewart a fee simple title thereto.

The right of Corinna, who is unmarried, to have the land remain undivided as a home so long as she remained single was a personal right, which she surrendered by executing the quitclaim deeds exchanged by the sisters. *Sides v. Sides,* 178 N. C., 554.

The provision that the land should be sold after the death of the life tenant and upon the death or marriage of the three daughters, and the proceeds divided equally among said daughters, their heirs and assigns, cannot be held to delay the vesting of the title in said daughters. *Witty v. Witty, supra.*

The trial judge was of the opinion that Pearl Stewart was the owner in fee simple of the land described in the deed from Ara McDade Satterfield and her husband, and that the action should be dismissed at the cost of the plaintiffs, and so adjudged. We concur with the opinion of his Honor, and his judgment is therefore

Affirmed.